**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2330

MILLIS STOKES,

                  Plaintiff - Appellant,

         v.

COMMONWEALTH OF VIRGINIA DEPARTMENT OF CORRECTIONS,

                  Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.   (3:10-cv-00370-REP-MHL)

Submitted:  February 22, 2013      Decided:  February 28, 2013

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Millis  Stokes,  Appellant  Pro  Se.    Gregory  Clayton  Fleming,
Senior  Assistant  Attorney  General,  Richmond,  Virginia,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Millis Stokes appeals the district court's order adopting the recommendation of the magistrate judge and granting summary judgment to his former employer, the Commonwealth of Virginia Department of Corrections ("VDOC"), on his civil action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012). On appeal, Stokes challenges the district court's grant of summary judgment to VDOC on his claims under Title VII for retaliation based on VDOC's failure to rehire him. We affirm.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial.

See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

Title VII prohibits an employer from discriminating against any "applicants for employment . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C.A. § 2000e-3(a). Absent direct evidence of intentional discrimination, claims under Title VII are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-07 (1973). To establish a prima facie case of retaliation, a plaintiff must show "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

If a plaintiff establishes his prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. McDonnell Douglas Corp., 411 U.S. at 802-03. Once the employer comes forward with

3

such a reason, "the burden reverts to the plaintiff to establish that the employer's non-discriminatory rationale is a pretext for intentional discrimination."  Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 258 (4th Cir. 2006).  This "final pretext inquiry merges with the ultimate burden of persuading the court that the plaintiff has been the victim of intentional discrimination, which at all times remains with the plaintiff." Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 294 (4th Cir. 2010) (internal quotation marks and alteration omitted).

After review of the record and the parties' briefs, we conclude that the district court did not err in granting summary judgment to VDOC.  Assuming, as the district court did, that Stokes made a prima facie showing of retaliation, he fails to demonstrate that VDOC's non-discriminatory reasons for refusing to rehire him were a pretext for retaliation.  Stokes challenges VDOC's procedure in processing his employment applications and inquiring into his personnel record.  Stokes fails to establish, however, that VDOC based its refusal to rehire him on anything other than the ineligibility notation present in his record. Stokes also asserts on appeal that he has been eligible for rehire since February 2003.  The district court concluded that Stokes failed to substantiate this claim with admissible evidence.  We find no basis to disturb this determination.  We

4

therefore conclude that Stokes has failed to demonstrate that VDOC's legitimate, non-discriminatory reasons for declining to rehire him were a pretext for retaliation.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED